*1046·15*

Cause No. PD-1046-15

ORIGINAL IN THE COURT OF CRIMINAL
APPEALS OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 14 2015

Abel Acosta, Clerk

DEVON STIFF

VS.

STATE OF TEXAS

PETITIONER'S MOTION FOR REHEARING
PURSUANT TO T.R.A.P. RULE 79

IN Appeal No. 05-13-01471-CR
Court OF Appeals
For the Fifth Judicial District
Dallas, Texas

Devon STIFF Petitioner/Pro-se
3060 FM3514 1892905
Beaumont, Texas
77705

FILED IN
COURT OF CRIMINAL APPEALS

DEC 1  2015

Abel Acosta, Clerk

No. PD-1046-15

DEVON STIFF

IN the TEXas CouRT

v.     Petitioner

OF CRIMINAL APPEALS

STATE OF TEXAS

Austin, Texas

Respondant

## MOTION FOR REHEARING

Now comes Devon Stiff Petitioner, proceeding pro-se in the above styled and numbered cause respectfully files this Motion For Rehearing pursuant to T.R.A.P. Rule 79 FROM Refusal of Petition For Discretionary Review, will show the following:

### I.

Substaintial intervening circumstance and or other Significant circumstances exist in light of the ruleing on Motion to Suppress by trial Court. The trial Court abused its discretion denieing Petitioners Motion and offered no Conclusion of law or findings of fact and none were requested.

1.

## II

The 5th Court of Appeals Dallas, TEXAS affirm the trial courts ruleing. Both Courts opinions is conflicting with the COURT OF CRIMINAL APPEALS ruleing in Davis V. STATE 576 S.W.2d 378; Terry V. OHiO 392 U.S. 1; Exclusionary Rule; Texas Penal Code 42.08 and fourth Amendment of the U.S. Constitution.

## III

The Record will show D.A.R.T. Transit Police Department officer J. Stinson obtained evidence allegedly by Search incident to arrest. See attached exhibit: (AFFIDAVIT FOR ARREST)

## IV

TEXAS Penal Code 42.08 Says: a Person commits the crime of public intoxication if they appear in a public place under the influence of alchohol or any substance to the degree that individual may endanger himself or another.

2.

Consequently the officer made a warrant-less search. Reasonableness of the search must be measured in objective terms by examaning the totality of circumstance.

## V

Facts of the circumstance testified by officer stinson suggest Petitioner Walked unsteadily from one location to two more and speech being slurred. No definitive proof was offered thatpetitioner was under the influence or was in need of assistance imposeing a danger to himself or others.

## VI

Petition argues the search incident to arrest was invalid and an intrusion of the fourth Amendment occured. Under Terry, the right to stop a suspect does not automatically include the right to frisk the suspect. If the officer has a reasonable basis to suspect Criminal activity, he may forcibly stop the suspect. If he has articulable facts to establish a reasonable belief that the suspect is Armed and dangerous he may frisk the suspect to protect himself and the public.

3.

## VII

The record is silent of any evidence adduced at motion to suppress hearing, or trial to justify arrest for public intoxication. At best the officer action should have been an investigative stop to affirm or dispell supicion. The officer made no claims attempting to conduct a sobriety test to substainuete belief petitioner appeared under influence of any substance. Instead the officer related unsteady movement walking and slurred speech and not boarding a city bus with criminal activity. As a result the officer action turned into an arrest for public intoxication yeilding fruit from a search incident to arrest.

## VIII

The fifth Court of Appeals Dallas, Texas opion affirm the trial court ruleing denieing petitioner's motion to surpress. These opion are both contrary and conflicting with This Courts Ruleing in Davis Supra; and Burke v. STATE S.W. 2d 830, 922 (Tex. cr. App. 1991); Terry Supra; Exclusionary Rule and U.S. Constitution fourth amendment.

4.

Without a crime being committed in the Officer presence the arrest and search are Defacto. Thefefore the evidence was tainted defieng both astablish laws of the state of Texas and Federal alike.

## Motion to LEAVE and File Motion of Writ of Certiorari

In determineing wither the aforemention intervening circumstance were erronous Ruleings and this court deny a rehearing, petitioner request the court grant a motion to leave to file writ of certiorari.

## PRAYER

Wherefore premises considered petitioner prays the court of CRIMINAL APPEALS GRant this motion for rehearing to substantuate or discredit petitioner claims.

5.

## CERTIFICATE OF COMPLIANCE

I Devon Stiff do certify that this motion is in compliance with T.R.A.P. RULE 79.2 since the motion raises Substantial intervening Circumstances. Executed on this 4th day of December 2015

Devon Stiff
Devon Stiff

## CERTIFICATE OF SERVICE

I Devon Stiff do certify that a true and correct copy of Appellant's Motion for Rehearing with motion to leave to file writ of certiorari was served on respondant by U.S. Mail postage prepaid addressed to:

STATE PROSECUTING ATTORNEY
P.O. Box 12405
Austin, Texas
78711            and

MRS. SUSAN HAWK (Dist. Attorny Dallas County)
FRANK CROWLEY COURTS BUILDING
133 N. RIVERFRONT Blvd., LB-19
DALLAS, TEXAS
75207

Devon Stiff
Devon Stiff
Stile unit
30 60 FM3514
Beamont, Texas
77705

6.

EXHIBIT 1

AFFIDAVIT FOR ARREST

STATE OF TEXAS § ●

COUNTY OF _Dallas_ §

AFFIDAVIT FOR ARREST

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned Affiant who, after being duly sworn by me, on oath stated:

My name is _Ofc. J. Stinson #185_ and I am a peace officer for the Dallas Area Rapid Transit Police Department, with jurisdiction in _Dallas_ County, Texas.

I have good reason and do believe that on or about the _15_ day of _Feb_, 200_6_, one _Stiff, Devon_ (name or description of suspect) did then and there in the City of _Dallas_ _Dallas_ County, Texas commit the offense of _Poss of C.S. Grp 1 (1003 gram)_ in violation of Section _481.115_ Texas _Health + Safety_ Code, a _F1_

My belief is based upon the following facts and information which Affiant received from:

X Affiant's personal investigation of this alleged offense.

☐ _____, a fellow peace officer for the Dallas Area Rapid Transit Police Department, _____ County, Texas, who personally participated in the investigation of this alleged offense providing this information to Affiant on _____, 200___, and whose information Affiant believes to be credible.

On the _15_ day of _Feb_, 200_6_, Officer(s) _J. Stinson #185_ Dallas Area Rapid Transit Police Department, arrested the suspect (defendant). On the basis of the facts developed during the investigation of this case, it is believed that the above-listed suspect, on or about the date of _02/15_, 200_6_, committed the offense of _Poss of C.S. Grp 1 (1003 gram)_ at the following location: _700 Blk of Wood St. (bus stop), Dallas_ County, Texas, against the complainant: _DART / State of Texas_, who shall be referred to in the facts outlined below.

The facts also involve these:

☐ witnesses: _____

☐ accomplices: _____

The facts of this offense are as follows: _On 02/15/06 at 8:33 pm, Ofc. J. Stinson #185 attempted to make contact with Stiff at the DART Bus Stop in the 700 Blk of Wood St.; due to him loitering at several DART Bus stops (100 S Lamar St, 200 S Lamar St and 700 Wood St.); for approx 1 hour; not utilizing any DART services. Stinson activated his patrol car's spot light and emergency lights and told Stiff to come to Stinson. At that time Stiff started to run slowly (over)_

WHEREFORE, Affiant requests that an arrest warrant be issued for the above accused individual in accordance with the law.

_[signature]_ #185
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME on the _16_ day of _Feb_, 200_6_.

_Ofelia A. Mayo_
MAGISTRATE, IN AND FOR _Dallas_ COUNTY, TEXAS

## MAGISTRATE'S DETERMINATION OF PROBABLE CAUSE

On this the _16_ day of _Feb_, 200_6_, the undersigned Magistrate hereby acknowledges that he/she has examined the above affidavit and has determined that probable cause exists for the issuance of an arrest warrant for the individual accused therein and hereby orders the Clerk of the Court of proper jurisdiction to issue an arrest warrant for the arrest of said individual.

_Ofelia A. Mayo_
MAGISTRATE, IN AND FOR _Dallas_ COUNTY, TEXAS

APPROX. 10 FEET WEST ON WOOD ST. AND THEN APPROX 40 FEET SOUTH ON MARKET ST.; WHERE OFFICERS STOPPED STIFF. IT NEEDS TO BE NOTED THAT STINSON WAS IN FULL POLICE UNIFORM AND INSTRUCTED STIFF TO "STOP. POLICE. STOP." WHILE STINSON WAS TALKING WITH STIFF, STINSON NOTED THAT STIFF HAD VERY SMALL (DILATED) PUPILS, THICK TONGUED SPEECH, AND LOW REACTION. WHILE STINSON WAS TALKING WITH STIFF, STIFF STATED IN A LOUD VOICE "WHY ARE YOU FUCKING WITH ME. I'm CALLING MY LAWYER." STIFF SAID THIS IN A PUBLIC PLACE, WHERE DART CUSTOMERS WERE PRESENT. STIFF WAS PLACED UNDER ARREST FOR EVADING ARREST, PUBLIC INTOXICATION AND DISORDERLY CONDUCT-LANGUAGE. A SEARCH INCIDENT TO AN ARREST REVEALED A WINE BOX CONTAINING A BAGGIE CONTAINING 1000 GRAMS OF COCAINE AND 12.9 GRAMS OF CRACK COCAINE. THE ABOVE MENTIONED PROPERTY WAS FIELD TESTED USING N.I.K TEST KIT "G" WHICH TESTED POSITIVE FOR THE PRESUMPTIVE EVIDENCE OF COCAINE.

# AFFIDAVIT

Came unto me this day **Officer J. Stinson #185**, a person known to me and upon oath swears as follows;

My name **Officer J. Stinson #185**, I am over the age of 18, have personal knowledge of the facts asserted below and am competent to testify to those facts. I assert the facts asserted below are true and correct.

Affiant, **J. Stinson #185**, is employed by the DART Police Department, and is presently assigned to the Patrol Division of said Department.

On 02-15-06 at 8:32 pm, Ofc J. Stinson #185 attempted to make contact with Stiff at the DART bus stop in the 700 blk of Wood St., due to Stiff loitering at several DART bus stops (100 S. Lamar St., 200 S. Lamar St., and 700 Wood St.); not utilizing any DART services. Stinson noted that there was a bus line-up at the bus stop at 700 Wood St., and that Stiff did not board any buses. Stinson also noted that Stiff was staggering as he walked, as if he was under the influence of drugs or alcohol. Stinson attempted to make contact with Stiff and activated the patrol car's emergency lights and the spot light. Stiff started to run approx. 10 feet west on Wood St., and then approx. 40 feet south on Market St., where officers were able to stop him. Stinson was in a marked patrol car, full police uniform and was instructing Stiff, "STOP, POLICE, STOP." Stiff stated in a loud voice, "Why are you fucking with me? I'm calling my lawyer." Stiff said this statement in a public place where DART patrons were present across the street at the DART bus stop. Stinson noted that Stiff's pupils were dilated, his speech was thick tongued, and his movements were slow. Stinson placed Stiff under arrest for Evading Arrest / Detention, Public Intoxication, and Disorderly Conduct. Stiff had a large black nylon zipper suitcase with wheels, in his possession that he was pulling behind him as he ran from Stinson. A search incident to an arrest revealed the following items in the black suitcase:
$6000.00 in U.S. Currency (47 $100 bills and 26 $50 bills) rolled up in a white cotton sock.
A 5 liter cardboard container of Franzia Chardonnay wine.
Stinson noted that the wine box had double-sided tape under the handle as if it had been opened and then resealed. Stinson also noted that the weight of the wine was only on one side of the box and that the other half of the box felt solid. Stinson opened the box of wine, which revealed an approx. 9 inch long by 6 inch long object wrapped in gray duck-tape. Stinson knew this to be a common way to conceal narcotics. Stinson opened the taped package, which revealed a white plastic Walmart bag and inside that was a clear zip-lock baggie containing a large amount of a white powder substance believed to be cocaine. Also inside the Walmart bag was a small blue plastic bag containing several cream colored rocks believed to be crack cocaine. Both items were field tested using N.I.K. test kit "G", which tested positive for the presumptive evidence of cocaine. The wine box, the white powder substance believed to be cocaine and the cream colored rocks believed to be crack cocaine were all seized as evidence. A search of Stiff's person also revealed a hidden sewn pocket in the crouch of Stiff's underwear, which contained the following items:
$339.00 in U.S. Currency (1 $50 bill, 14 $20 bills, 1 $5 bill, and 4 $1 bills).
An Alabama ID card #6115847 issued to a Devon Stiff, B/M, 05-23-75.
All the U.S. Currency ($6339.00) was seized and placed in evidence drop box #4 at DART PD. Stinson transported Stiff to the Dallas County Jail where he was booked for Possession of a Controlled Substance and Evading Arrest.
Stinson weighed the white powder substance believed to be cocaine, which weighed as follows:
Without packaging: 1000 grams
With packaging: 1260.3 grams
Total weight inside evidence bag: 1317.7 grams
Stinson also weighed the cream colored rocks believed to be crack cocaine, which weighed as follows:
Without packaging: 12.9 grams
With packaging: 14.9 grams
Total weight inside evidence bag: 55.7 grams

Exhibit A

Exhibit E

Von Stiff 1847905
iles Unit
960 FM3514
Beaumont, Texas
77706

COURT OF CRIMINAL
APPEALS OF TEXAS
P. O. Box 12308
Capitol Station
Austin, Texas
78711

